JUDGE ROBERTSON
delivered the opinion of the court.
Had the appellee sought an avoidance of his contract on the ground of his infancy — appealing as he did to equity — he might have been relieved on the equitable condition of restitution of about forty-nine dollars, which, as part consideration for the mare, the appellants had paid for him to Ragland and to Cross, to whom he was indebted to that aggregate amount. But he does not plead infancy, nor seek on that ground to avoid a voidable contract. He sues for a rescission of the contract on the sole ground of fraud; and tile circuit court must have canceled the sale on that ground alone. But it seems to this court that the pleadings and evidence are altogether insufficient to establish the imputed fraud.
*474 The answer traverses the specific as well as the general allegations of fraud or misrepresentation, and the facts as proved conduce to sustain rather than to contradict the answer, for the following reasons: First, it is far from certain that the mare was not the property of the appellee’s father, or might not as such have been taken by his creditors; second, he seemed desirous that his father’s sureties should not suffer; third, to avoid proceedings by creditors against his father’s property, and also against the mare and horse claimed by himself, he proposed to the appellants to sell to them the mare to pay his own debts of about forty-nine dollars, and eighty dollars of his father’s debt, for which appellants were sureties, and did transfer the possession and ostensible title to the horse without. valuable consideration; fourth, it appears that appellant Bryant, nearest neighbor and special friend, was, anxious to help the appellee in effecting his objects, and did co-operate with him for that purpose; fifth, when scrutinized, the evidence fails to show that the appellants, by misrepresentation or intimidation or otherwise, deceived the appellee, or induced him to make the trade; sixth, the price given for the mare was her utmost value, and the appellee seemed to acquiesce in the trade without complaint until after his father’s return.
On these facts we can not adjudge that the appellee was defrauded.
Wherefore the judgment is reversed, and the cause remanded, with instructions to dismiss the action.